1  CHARLES T. WRIGHT, ESQ.
   Nevada Bar No. 10285
2  SHERRY A. MOORE, ESQ.
   Nevada Bar No. 11215
3  PIET & WRIGHT
4  3130 S. Rainbow Blvd., Ste. 304
   Las Vegas, Nevada 89146
5  Telephone: (702) 566-1212
   Facsimile: (702) 566-4833
6  *Attorneys for Plaintiff*
7  *SHAWN LAMPMAN*

8

9               **UNITED STATES DISTRICT COURT**

10              **DISTRICT OF NEVADA**

11  SHAWN LAMPMAN,                      CASE NO.:  2:09-CV-02017-RCJ-RJJ

12              Plaintiff,

13  vs.

14  U.S. BANK, NA, U.S. BANK HOME       **PLAINTIFF'S RENEWED MOTION**
    MORTGAGE, DOES I through X, inclusive,  **FOR TEMPORARY RESTRAINING**
15  and ROE BUSINESS ENTITIES I through X.   **ORDER AND**
    inclusive,                          **PRELMINARY INJUNCTION**
16

17              Defendant.

18

19         COMES NOW, Plaintiff, SHAWN LAMPMAN, by and through his attorneys,

20  PIET & WRIGHT, and pursuant to NRS 330.010 and Rule 65(b) of the Nevada Rules of

21  Civil Procedure, hereby move this Court for a Temporary Restraining Order and

22  Preliminary Injunction enjoining Defendants, U.S. Bank, NA and U.S. Bank Home Mortgage

23  (hereinafter referred to as "U.S. Bank" or collectively as "Defendants"), from continuing

24  eviction proceedings against Plaintiff regarding his property located at 10000 Summit

25  Canyon Drive, Las Vegas, Nevada 89144.

26  / / /

27  / / /

28

                                1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

P&W    PIET & WRIGHT
ATTORNEYS AT LAW
3130 S. Rainbow Blvd., Ste. 304
Las Vegas, Nevada 89146
Telephone: (702) 566-1212
Facsimile: (702) 566-4833

This Motion is made and based upon the records and pleadings of this case, the Points and Authorities and Affidavit attached hereto, and such oral argument as may be entertained at the time of the hearing on this Motion.

DATED this 5th day of November, 2009.

Respectfully submitted,

PIET & WRIGHT

By: _____
SHERRY A. MOORE, ESQ.
Nevada Bar No. 11215
3130 S. Rainbow Blvd., Ste. 304
Las Vegas, Nevada 89146
*Attorneys for Plaintiff*
*SHAWN LAMPMAN*

## NOTICE OF MOTION

The undersigned will bring the above and foregoing RENEWED MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION, for hearing before this Court on the _____ day of _____, 2009, at the hour of _____, ___.M., or said day, or as soon thereafter as counsel can be heard.

Dated this 5th day of November, 2009.

PIET & WRIGHT

By: _____
SHERRY A. MOORE, ESQ.
Nevada Bar No. 11215
3130 S. Rainbow Blvd., Ste. 304
Las Vegas, Nevada 89146
*Attorneys for Plaintiff*
*SHAWN LAMPMAN*

///

2

P<sub></sub>W   PIET & WRIGHT
ATTORNEYS AT LAW
3130 S. Rainbow Blvd., Ste. 304
Las Vegas, Nevada 89146
Telephone: (702) 566-1212
Facsimile: (702) 566-4833

**POINTS AND AUTHORITIES**

I.

STATEMENT OF FACTS

On or about August 29, 2008, Plaintiff purchased the property located at 10000 Summit Canyon Drive, Las Vegas, Nevada 89144 ("the Property") for the approximate amount of $3,700,000.00.

On or about August 29, 2008, Plaintiff obtained a mortgage loan from Defendants in the approximate amount of $2,000,000.00 in order to purchase the Property.  This mortgage, secured by a deed of trust, was recorded with the Assessor's Office in Clark County, Nevada on or about this same date.

On or about August 29, 2008, Plaintiff obtained a second mortgage loan from Defendants in the approximate amount of $275,000.00 in order to purchase the Property. This mortgage, secured by a deed of trust, was recorded with the Assessor's Office in Clark County, Nevada on or about this same date.

On or about September 4, 2008, the Grant, Bargain, Sale Deed conveying the Property to Plaintiff was recorded with the Assessor's Office in Clark County, Nevada.

On or about June 1, 2009, with respect to the first mortgage and deed of trust, Plaintiff entered into and/or was actively negotiating to enter into a loan modification agreement with Defendants, wherein the principal balance was $2,147,149.77.  Unpaid interest was to be charged at an annual rate of 5.375% from June 1, 2009.  Plaintiff was to make principal and interest payments of $10,892.33 beginning on July 1, 2009, with the annual interest rate at 5.375%, continuing every month thereafter until paid in full. The maturity date of the loan is June 1, 2049.  See attached as "**Exhibit 1**" the Loan Modification Agreement, dated June 1, 2009.

On or about August 7, 2009, Plaintiff received a Notice of Foreclosure Sale with respect to the second mortgage and deed of trust, informing him that Defendants intend to sell the Property at public auction on October 16, 2009.

On or about August 17, 2009, the Law Offices of Les Zieve, as trustee of the deed of trust with respect to the second mortgage, foreclosed upon Plaintiff's Property by selling it to U.S. Bank at public auction for the approximate amount of $263,777.71.

On or about August 24, 2009, Plaintiff received a Notice To Occupant, informing him that his Property is now owned by U.S. Bank and that eviction proceedings are in process. The Notice To Occupant is attached hereto as "**Exhibit 2**."

On or about August 25, 2009, a Trustee's Deed Upon Sale was recorded with the Assessor's Office in Clark County, Nevada.

On or about September 24, 2009, U.S. Bank was served with the Summons, Complaint, and the original Motion for Temporary Restraining Order.

On or about October 1, 2009, Plaintiff filed an Amended Complaint adding U.S. Bank Home Mortgage as a Defendant.

The original Motion for Temporary Restraining Order was set for hearing in the District Court, Clark County, Nevada, Case No. A-09-599348-C. An Order Shortening Time was entered, with the hearing on said motion scheduled for October 8, 2009.

The hearing on the original Motion for Temporary Restraining Order was taken off calendar because counsel for Defendants, Lucas Gjovig, Esq., agreed to stay any eviction proceedings on the subject property by offering to enter into a Stipulation that reserved Plaintiff's rights to bring the Motion for Temporary Restraining Order at a later date. See attached hereto as "**Exhibit 3**" this Stipulation, which was signed by both parties' counsel.

On or about October 30, 2009, Mr. Gjovig informed Plaintiff that despite U.S. Bank's agreement to stay the eviction proceedings, U.S. Bank nevertheless intend to execute an order for eviction. See attached hereto as "**Exhibit 4**" correspondence from Lucas Gjovig, Esq. to Sherry Moore, Esq.

/ / /

/ / /

4

II.

## LEGAL ARGUMENT

FRCP 65(a) provides that "the court may issue a preliminary injunction only on notice to the adverse party." NRS 33.010 outlines the basic considerations that the court considers in the determination of whether to grant injunctive relief. NRS 33.010 provides that an injunction may be granted:

1. When it shall appear by the complaint that the plaintiff is entitled to the relief demanded, and such relief or any part thereof consists in restraining the commission or continuance of the act complained of, either for a limited period or perpetually.

2. When it shall appear by the complaint or affidavit that the commission or continuance of some act, during the litigation, would produce great or irreparable injury to the plaintiff.

3. When it shall appear, during the litigation, that the defendant is doing or threatens, or is about to do . . . some act in violation of the plaintiff's rights respecting the subject of the action, and tending to render the judgment ineffectual.

The purpose of granting injunctive relief is to preserve the status quo until there is an opportunity to hold a hearing on the Application for Preliminary Injunction and may be heard before notice to the adverse property. See Pan Am World Airways, Inc. v. Flight Engineers' Int'l. Ass'n., 306 F.2d 840 (C.A.2d 1962). Before the court can issue a temporary or preliminary injunction, the following four factors are to be considered:    (1) the likelihood that Plaintiff will suffer irreparable harm; (2) the relative interests of the parties; (3) Plaintiff's likelihood of success on the merits; and (4) the interest of the public. Winter v. Natural Resources Defense Counsel, Inc., 555 U.S. _____ (2008).

However, the first and third factors are most important because the Nevada Supreme Court cites them must often in their determination of whether injunctive relief is appropriate. See Sobol v. Capital Mgmnt. Consultants, Inc., 102 Nev. 444, 446, 726 P.2d 335, 337 (1986)("A preliminary injunction is available upon a showing that the party seeking it enjoys a reasonable probability of success on the merits and that the defendant's

PIET & WRIGHT
ATTORNEYS AT LAW
3130 S. Rainbow Blvd., Ste. 304
Las Vegas, Nevada 89146
Telephone: (702) 566-1212
Facsimile: (702) 566-4833

conduct, if allowed to continue, will result in irreparable harm for which compensatory damages is an inadequate remedy.") (citing Number One Rent-A-Car v. Ramada Inns, Inc., 94 Nev. 779, 780, 587 P.2d 1329, 1330 (1978); see also Pickett v. Comanche Constr., Inc., 108 Nev. 422, 426, 836 P.2d 42, 44 (1992)("A preliminary injunction may be issued to preserve the status quo if the party seeking it shows: (1) that the party enjoys a reasonable 'likelihood of success' on the merits; and (2) the party will be subjected to 'irreparable harm.'")(citing Dixon v. Thatcher, 103 Nev. 414, 415, 742 P.2d 1029, 1029 (1987)).

First, an injury is irreparable if there is no complete and adequate remedy at law. Number One Rent-A-Car v. Ramada Inns, Inc., 94 Nev. 779, 780-81, 587 P.2d 1329, 1330-31 (1978); Conley v. Chedic, 6 Nev. 223 (1870); Champion v. Sessions, 1 Nev. 480 (1865). An adequate remedy at law is "when the wrong complained of may be fully compensated in damages, which can easily be ascertained." Conley, 6 Nev. At 224. Injunctive relief will not issue "upon the bare possibility of an injury, or upon any unsubstantial or unreasonable apprehension of it." Sherman v. Clark, 4 Nev. 139, 142 (1868). Moreover, the loss of real property results in irreparable harm because real property is unique. Dixon v. Thatcher, 103 Nev. 414, 742 P.2d 1029, 1030 (1987); see also Nev. Escrow Serv., Inc. v. Crockett, 91 Nev. 201, 202, 533 P.2d 471, 472 (1975) ("it is the opinion of this court that the preliminary injunction enjoining the foreclosure on the deeds of trust should issue. In this instance the equitable remedy is so far superior that the legal remedy may be rendered inadequate.").

Second, the court, in its determination to grant injunctive relief, will usually weigh the relative interests of the parties, meaning how much damage the plaintiff will suffer if the restrain is denied versus the hardship that the injunction imposes upon the defendant if it is granted. Home Fin. Co. v. Balcom, 61 Nev. 301, 127 P.2d 389 (1942).

Third, before injunctive relief is granted, the party seeking such relief has to demonstrate that it has a "reasonable probability" of success on the merits. Dixon v.

///

PIET & WRIGHT
ATTORNEYS AT LAW
3130 S. Rainbow Blvd., Ste. 304
Las Vegas, Nevada 89146
Telephone: (702) 566-1212
Facsimile: (702) 566-4833

6

PW PIET & WRIGHT PW
ATTORNEYS AT LAW
3130 S. Rainbow Blvd. Ste. 304
Las Vegas, Nevada 89146
Telephone: (702) 566-1212
Facsimile: (702) 566-4833

1  Thatcher, 103 Nev. 414, 415, 742 P.2d 1029, 1029 (1987); Christensen v. Chromalloy Am.

2  Corp., 99 Nev. 34, 35, 656 P.2d 844, 846 (1983).

3      Fourth, the court may consider if there is any public interest in its determination

4  to grant injunctive relief.  See Ellis v. McDaniel, 95 Nev. 455, 459, 596 P.2d 222, 225

5  (1979).

6      First, in this case, Plaintiff will undoubtedly be irreparably harmed if a temporary

7  and a preliminary injunction are not granted.  Defendants clearly tricked Plaintiff into

8  believing that his home would be saved when Plaintiff entered into and/or was actively

9  negotiating entering into a loan modification agreement with said Defendants, and then

10  wrongfully foreclosed upon Plaintiff's Property under the second deed of trust after the

11  execution of said loan modification agreement and/or while Plaintiff was actively

12  negotiating with Defendants to enter into said modification agreement.  Now, Defendants

13  intend to execute an eviction order with respect to Plaintiff's Property.  If Defendants are

14  not enjoined from these proceedings, Plaintiff will lose the use of the Property before a trial

15  on the merits can be held regarding the wrongful foreclosure and other similar claims with

16  respect to the property can be heard.  All real property is unique, and thus, his damages

17  cannot be redressed by compensatory damages:  he wants his Property back.  Thus,

18  Plaintiff will suffer immediate and irreparable injury if the Court does not enjoin

19  Defendants' aforementioned acts and maintains the status quo until he can have his day in

20  court.  Therefore, this factor weighs in Plaintiff's favor.

21

22      Second, weighing the relative interests of Plaintiff and U.S. Bank, it is

23  abundantly clear that Plaintiff will suffer more hardship in the event injunctive relief in his

24  favor is not granted because he faces eviction from the Property, which was stripped from

25  him wrongly when U.S. Bank foreclosed upon him under the second deed of trust despite a

26  loan modification agreement on the first deed of trust and/or while Plaintiff was actively

27  negotiating with Defendants to enter into said loan modification agreement, an agreement

28  Plaintiff whose sole purpose was to save his property.  At no time did any U.S. Bank

7

representative and/or agent inform him that his home was still subject to foreclosure under the second deed of trust, irrespective of the loan modification agreement.  Plaintiff had no reason to know, and in fact did not know, that the loan modification agreement did not apply to both and all deeds of trusts on his property because U.S. Bank was the mortgagee on both.   U.S. Bank, comparatively, will suffer minimal hardship because it, unlike Plaintiff, does not face the loss of its property.

Third, Plaintiff has more than a reasonable probability of success on his claims in this matter.  Again, Plaintiff entered into a loan modification agreement with Defendants with respect to the first deed of trust, with the expectation that his property would not be foreclosed upon.  However, after Defendants entered into this agreement with Plaintiff, U.S. Bank went ahead and foreclosed upon his Property anyway under the second deed of trust.  Since Defendants held both and all deeds of trust on the property, Plaintiff had no reason to know, and did not know, that the loan modification did not apply to both of these deeds of trust.  At no time did any U.S. Bank representative inform him to the contrary before, during, and after the execution of the agreement.  Although U.S. Bank argues that no such loan modification agreement exists because they allegedly do not have a fully executed copy, this does not mean that such a loan modification agreement did not exist.  Plaintiff insists he signed the loan modification agreement package and then delivered the executed documents to U.S. Bank, and Plaintiff is prepared to execute an Affidavit that attests to same.  Moreover, assuming such loan modification was not fully executed, this does not prove that U.S. Bank's actions were not wrongful, for they were in active negotiations with Plaintiff with respect to the loan modification agreement.  In fact, the signatures on the addendum and/or ancillary documents show the intent to enter into all agreements contained within the loan modification packet.

Therefore, U.S. Bank's foreclosure upon his property was wrongful, and consequently, Plaintiff has many valid claims against Defendants in addition to wrongful foreclosure, including breach of contract, breach of the implied covenant of good faith and

fair dealing, fraudulent or intentional misrepresentation, intentional infliction of emotional distress, slander of title, slander of credit, and injunctive relief. Thus, this factor, weighs in Plaintiff's favor.

Fourth, there is no public interest in this private matter other than the fact that the public has an interest in banks like U.S. Bank to uphold its obligations when entering into agreements with consumers and to engage in good faith and fair dealing with respect to such agreements. If a bank is able to foreclose upon a consumer's property after it intentionally failed to inform the consumer of its planning to take such an action while simultaneously entering into a loan modification agreement with said consumer for the sole purpose to save his Property, then the public will be unable to trust any bank with which it does business. Therefore, this private matter is in the public interest because U.S. Bank's business activities affect not only Plaintiff, but the public itself. Thus, this factor, although one of the least important, weighs in Plaintiff's favor.

CONCLUSION

Therefore, due to the foregoing, Plaintiff respectfully requests this Honorable Court to grant a temporary injunction, enjoining U.S. Bank from continuing the eviction proceedings on Plaintiff's property, for period of fifteen (15) days, and a preliminary injunction until a trial on the merits can be heard. Plaintiff leaves it to the sound discretion of this Court to determine the amount of the security Plaintiff is to post upon the Court's issuance of the temporary restraining order.

DATED this 5th day of November, 2009.

PIET & WRIGHT

By: _____
SHERRY A. MOORE, ESQ.
Nevada Bar No. 11215
3130 S. Rainbow Blvd., Ste. 304
Las Vegas, Nevada 89146
*Attorneys for Plaintiff*
*SHAWN LAMPMAN*

PW PIET & WRIGHT PW
ATTORNEYS AT LAW
3130 S. Rainbow Blvd., Ste. 304
Las Vegas, Nevada 89146
Telephone: (702) 566-1212
Facsimile: (702) 566-4833

AFFIDAVIT OF COUNSEL

STATE OF NEVADA    )
                         ) ss:
COUNTY OF CLARK   )

Sherry A. Moore, Esquire, being first duly sworn deposes and says:

1.    I am an attorney at law licensed to practice in the State of Nevada, and in that capacity represent the Plaintiff in the above-entitled matter.

2.    This affiant makes this Affidavit in support of the instant Motion for Temporary Restraining Order and Preliminary Injunction.

3.    On or about August 29, 2008, Plaintiff purchased the property located at 10000 Summit Canyon Drive, Las Vegas, Nevada 89144 ("the Property") for the approximate amount of $3,700,000.00.

4.    On or about August 29, 2008, Plaintiff obtained a mortgage loan and deed of trust from U.S. Bank in the approximate amount of $2,000,000.00 in order to purchase the Property.

5.    On or about August 29, 2008, Plaintiff obtained a second mortgage loan and deed of trust from U.S. Bank in order to purchase the Property in the approximate amount of $275,000.00.

6.    On or about August 17, 2009, the Law Offices of Les Zieve, as trustee of the deed of trust with respect to the second mortgage, foreclosed upon Plaintiff's Property by selling it to U.S. Bank at public auction for the approximate amount of $263,777.71.

7.    On or about August 24, 2009, Plaintiff received a Notice To Occupant, informing him that his Property is now owned by U.S. Bank and that eviction proceedings are in process.

8.    On or about August 25, 2009, a Trustee's Deed Upon Sale was recorded with the Assessor's Office in Clark County, Nevada.

/ / /

9.    On or about September 11, 2009, Plaintiff filed a Complaint against U.S. Bank for Wrongful Foreclosure, among other claims.

10.   On or about September 24, 2009, U.S. Bank was served with the Summons, Complaint, and the original Motion for Temporary Restraining Order.

11.   On or about October 1, 2009, Plaintiff filed an Amended Complaint adding U.S. Bank Home Mortgage as a Defendant.

11.   On or about October 16, 2009, counsel for U.S. Bank agreed to accept service for U.S. Bank Home Mortgage.  I drafted an Acceptance of Service pleading for U.S. Bank's counsel to sign, but U.S. Bank's counsel has not signed it.

12.   The original Motion for Temporary Restraining Order was scheduled for a hearing pursuant to an Order Shortening Time in State Court, more specifically the Eighth District Court of Nevada, Case No. A-09-599348-C, on October 8, 2009.

13.   The parties' respective counsel agreed to stall any eviction proceedings on the subject property by entering into a Stipulation that reserved Plaintiff's rights to bring the Motion for Temporary Restraining Order at a later date; this Order was never entered, thus leaving Plaintiff subject to an eviction proceeding at any time.

14.   On or about October 30, 2009, counsel for Defendants informed Plaintiff that U.S. Bank intends to execute an order for eviction.

15.   Therefore, due to the foregoing, Plaintiff will suffer immediate and irreparable harm if U.S. Bank is permitted to continue the eviction proceedings with respect to the Property before Plaintiff has had his day in court.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

PIET & WRIGHT
ATTORNEYS AT LAW
3130 S. Rainbow Blvd., Ste. 304
Las Vegas, Nevada 89146
Telephone: (702) 566-1212
Facsimile: (702) 566-4833

1    WHEREFORE, this Affiant respectfully requests this Honorable Court for an

2  order granted in Plaintiff's favor, thereby enjoining U.S. Bank from proceeding with the

3  eviction proceedings with respect to the Property.

4    FURTHER YOUR AFFIANT SAYETH NAUGHT.

5

6

7                                        Sherry A. Moore, Esq.

8

9  SUBSCRIBED and SWORN to before me
   this 5 day of November, 2009.
10

11

12  NOTARY PUBLIC

JAMIE NORTON
NOTARY PUBLIC
STATE OF NEVADA
MY COMMISSION EXPIRES 6-18-2013
CERTIFICATE NO: 09-10296-1

PⱯW  PIET & WRIGHT  PⱯW
ATTORNEYS AT LAW
3130 S. Rainbow Blvd., Ste. 304
Las Vegas, Nevada 89146
Telephone: (702) 566-1212
Facsimile: (702) 566-4833

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

Tax Parcel No.:

RECORD AND RETURN TO:
FIRST AMERICAN TITLE
P.O. BOX 27670
SANTA ANA, CA. 92799-7670
ATTN: LMTS

Original Recorded Date: AUGUST 29, 2008

[Space Above This Line for Recording Data]

Loan No.: 6800170489

# LOAN MODIFICATION AGREEMENT
(Providing for Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made this   1ST   day of JUNE, 2009 ,

between   SHAWN LAMPMAN

("Borrower") and  U.S. BANK, NA

("Lender"),

amends and supplements (1) the Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), and
Timely Payment Rewards Rider, if any, dated AUGUST 29, 2008                       and recorded in
                                                                      , of the      Official       Records of
                                                                             (Name of Record)
                                                                          , and (2) the Note bearing the same date as, and
secured by, the Security Instrument, which covers the real and personal property described in the Security
Instrument and defined therein as the "Property", located at

10000 SUMMIT CANYON DRIVE, LAS VEGAS, NEVADA, 89144
(Property Address)

CLARK COUNTY, NEVADA.
                              (County and State, or other jurisdiction)

6800170489

the real property described being set forth as follows:

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of JUNE 1, 2009 , the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. $  2,147,149.77 , consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of  5.375 %, from JUNE 1, 2009 . Borrower promises to make monthly payments of principal and interest of U.S. $  10,892.33 , beginning on the 1ST day of JULY, 2009 , and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of  5.375 % will remain in effect until principal and interest are paid in full. If on JUNE 01, 2009 (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above.

LOAN MODIFICATION AGREEMENT - Single Family - Fannie Mae Uniform Instrument          Form 3179 1/01 (rev. 01/09)
Modified by First American Loan Production Services                                                              (page 2 of 5)
First American Real Estate Solutions LLC                                                                           NEVADA
FALPS# NVUSAI379-2 Rev. 02-06-09

6800170489

(a)   all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note, including, where applicable, the Timely Payment Rewards rate reduction, as described in paragraph 1 of the Timely Payment Rewards Addendum to Note and paragraph A.1. of the Timely Payment Rewards Rider.  By executing this Agreement, Borrower waives any Timely Payment Rewards rate reduction to which Borrower may have otherwise been entitled; and

(b)   all terms and provisions of any adjustable rate rider, or Timely Payment Rewards Rider, where applicable, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5.   Borrower understands and agrees that:

(a)   All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

(b)   All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c)   Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d)   All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(e)   Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

LOAN MODIFICATION AGREEMENT - Single Family -  Fannie Mae Uniform Instrument    Form 3179 1/01 (rev. 01/09)    *(page 3 of 5)*
Modified by First American Loan Production Services                                                                            NEVADA
First American Real Estate Solutions LLC
FALPS# NVFM3179-3  Rev. 02-06-09

6800170489

6. This Agreement modifies an obligation secured by an existing security instrument recorded in CLARK                County, NEVADA                , upon which all recordation taxes have been paid.  As of the date of this Agreement, the unpaid principal balance of the original obligation secured by the existing security instrument is $2,000,000.00  . The principal balance secured by the existing security instrument as a result of this Agreement is $  2,147,149.77  , which amount represents the excess of the unpaid principal balance of this original obligation.

U.S. BANK, NA

_____ (Seal)
                                                                         - Lender
Name:  GREGG SPEER
Its:  SENIOR VICE PRESIDENT


_____ (Seal)
                                                                         - Borrower
SHAWN LAMPMAN


_____ (Seal)
                                                                         - Borrower


_____ (Seal)
                                                                         - Borrower


_____ (Seal)
                                                                         - Borrower


_____ (Seal)
                                                                         - Borrower


_____ (Seal)
                                                                         - Borrower

_____ [Space Below This Line for Acknowledgments]   6800170489 _____

STATE OF _____   COUNTY OF _____

The foregoing instrument was acknowledged before me this _____ by
SHAWN LAMPMAN _____

_____

Signature of Person Taking Acknowledgment _____

Printed Name _____

Title or Rank _____

Serial Number, if any _____

## LENDER ACKNOWLEDGMENT

STATE OF _KENTUCKY_ _____   COUNTY OF _DAVIESS_

The foregoing instrument was acknowledged before me this _____ by
GREGG SPEER _____, the _SENIOR VICE PRESIDENT_
of _____

_____, on behalf of said entity.

Signature of Person Taking Acknowledgment _____

Printed Name _____

Title or Rank _____

Serial Number, if any _____

LOAN MODIFICATION AGREEMENT - Single Family - Fannie Mae Uniform Instrument   Form 3179 1/01 (rev. 01/09)
Modified by First American Loan Production Services   NEVADA
First American Real Estate Solutions LLC
FALP3H NV3043TP-S Rev. 02-06-09   (page 5 of 5)

Date:  JUNE 1, 2009
Loan Number:  6800170489
Lender:      U.S. BANK, NA

Borrower:  SHAWN LAMPMAN

Property Address:    10000 SUMMIT CANYON DRIVE
                     LAS VEGAS, NEVADA 89144

## NOTICE OF NO ORAL AGREEMENTS

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.**

**THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

**Receipt of Notice.** The undersigned hereby admit to having each received and read a copy of this Notice on or before execution of the Loan Agreement.  "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods or any other thing of value or to otherwise extend credit or make a financial accommodation.

_____    Date
Borrower
**SHAWN LAMPMAN**

_____    Date
Borrower

_____    Date
Borrower

_____    Date
Borrower

_____    Date
Borrower

_____    Date
Borrower

Date:  JUNE 1, 2009
Loan Number:  6800170489
Lender:  U.S. BANK, NA

Borrower:   SHAWN LAMPMAN

Property Address:   10000 SUMMIT CANYON DRIVE
              LAS VEGAS, NEVADA 89144

## ERRORS AND OMISSIONS
## COMPLIANCE AGREEMENT

In consideration of U.S. BANK, NA

(the "Lender") agreeing to modify the referenced loan (the "Loan") to the Borrower, the Borrower agrees that if requested by the Lender, the Borrower will correct, or cooperate in the correction of, any clerical errors made in any document or agreement entered into in connection with the modification of the Loan, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs or any municipal bond authority.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender.  Borrower agrees to assume all costs that may be incurred by the Lender, including without limitation, actual expenses, legal fees and marketing losses, as a result of the Borrower's failure to comply with all such requests within such 30 day time period.

The Borrower makes this agreement in order to assure that the documents and agreements executed in connection with the modification of the Loan will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender.

_____   _____
SHAWN LAMPMAN                                                         Date

_____   _____
                                                                     Date

_____   _____
                                                                     Date

_____   _____
                                                                     Date

_____   _____
                                                                     Date

_____   _____
                                                                     Date

**EXHIBIT 2**

# LAMCO

LENDERS ASSET MANAGEMENT CORPORATION

**6588 West Ottawa Avenue, Littleton, CO  80128**
**Toll Free: 1-800-795-6350, Ext:  115**

# NOTICE  TO  OCCUPANT

**Property Address:**
**10000 Summit Canyon Dr, Las Vegas, NV 89144**

## THIS PROPERTY IS NOW
## BANK OWNED

**The owners have requested that we**
**confirm the occupancy status**
**of this property while eviction**
**proceedings are in process.**

**Relocation assistance may be available**
**Please contact us within 48 hours.**

**Date:** __8/24__

**Your LAMCO Rep Doug Deacon's contact information:**
**1-800-795-6350 ext:** *155* **or  doug.deacon@lendersreo.com.**

Please be advised the LAMCO Representative is the only authorized individual to discuss relocation and terms.
The person delivering this notice is not authorized to discuss terms / conditions on behalf of LAMCO or the lender.

# EXHIBIT 3

1  SAO
   DOMINICA C. ANDERSON (SBN 2988)
2  LUCAS M. GJOVIG (SBN 10053)
   **DUANE MORRIS LLP**
3  100 North City Parkway,  Suite 1560
   Las Vegas, NV  89106-4617
4  Telephone: 702.868.2600
   Facsimile: 702.385.6862
5
   Attorneys for U.S. BANK, NA
6

7                          **DISTRICT COURT**

8                    **CLARK COUNTY, NEVADA**

9  SHAWN LAMPMAN,                      Case No.: A-09-599348-C

10              Plaintiff,             Dept. No. XXII

11       v.                           **STIPULATION AND ORDER TO
                                       VACATE HEARING**
12  U.S. BANK, NA, DOES I through X, inclusive,
    and ROE BUSINESS ENTITIES I through X,
13  inclusive,

14              Defendants.

15

16

17        Plaintiff SHAWN LAMPMAN ("Plaintiff"), and Defendant U.S. BANK, NA ("Defendant")

18  (collectively Plaintiff and Defendant shall be referred to as the "Parties"), by and through their

19  respective counsel, hereby stipulate and agree as follows:

20        1.      Plaintiff agrees to vacate the hearing on his Motion for Temporary Restraining Order

21  and Preliminary Injunction ("Motion") set for October 8, 2009, at 9:00 a.m..

22        2.      Defendant agrees not to initiate an action, and will stay any existing action, to evict

23  Plaintiff from 10000 Summit Canyon Drive, Las Vegas, Nevada 89144 (the "Property") until

24  Defendant's Motion is heard by this or another court, or until the Parties agree by stipulation to lift

25  the stay and allow Plaintiff to proceed with the eviction.

26  //

27  //

28

DM1\1911042.1

3.     Defendant does not stipulate to jurisdiction in state court and reserves the right to remove this action to the United States District Court.  Nothing herein shall be construed to waive Defendant's right to remove this action to United Sates District Court.

4.     The entry of this Stipulator is without prejudice to either parties' rights, claims and defenses concerning the application for a stay of any eviction proceeding or the merits of the Complaint filed in this action.

**IT IS SO STIPULATED:**

DATED: October 6, 2009

DUANE MORRIS LLP

By: _____
DOMINICA C. ANDERSON (SBN 2988)
LUCAS M. GJOVIG (SBN 10053)

Attorneys for U.S. BANK, NA

DATED: October 6, 2009

PIET & WRIGHT

By: _____
CHARLES T. WRIGHT (SBN 10285)
SHERRY A. MOORE (SBN 11215)

Attorneys for SHAWN LAMPMAN

**IT IS SO ORDERED.**

October _____, 2009.

_____
DISTRICT COURT JUDGE

# EXHIBIT 4

DuaneMorris©

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
LOS ANGELES
CHICAGO
HOUSTON
HANOI
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BALTIMORE
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
BOCA RATON
WILMINGTON
CHERRY HILL
PRINCETON
LAKE TAHOE
HO CHI MINH CITY

LUCAS M. GJOVIG
DIRECT DIAL: 702.868.2651
E-MAIL: lmgjovig@duanemorris.com

www.duanemorris.com

October 30, 2009

VIA FACSIMILE

Sherry Moore
Piet & Wright
509 S. 7th St.
Las Vegas, NV 89101

Re:  **Lampman v. U.S. Bank, National Association, et al**

Dear Counsel:

Pursuant to our stipulation, U.S. Bank, National Association, ("U.S. Bank") agreed for you an opportunity to bring Shawn Lampman's motion for a temporary restraining order before U.S. Bank executes on an order for eviction. U.S. Bank has directed our office to proceed pursuant to the stipulation and seek eviction of Mr. Lampman. Please file Mr. Lampman's motion for a temporary restraining order or other relief you deem appropriate prior to 5:00 on Thursday, November 5, 2009. If the motion is not filed by that time, U.S. Bank will proceed with the eviction of Mr. Lampman. U.S. Bank reserves all rights.

Sincerely,

Lucas M. Gjovig